IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAYSEPH RYAN BELLOMY-GUNN,

      Plaintiff,

vs.                                                                                           No. 13-2727-JDT-cgc

WARDEN JERRY LESTER, et al.

      Defendants.

ORDER OF DISMISSAL
ORDER DENYING ALL PENDING MOTIONS AS MOOT
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On September 16, 2013, Plaintiff Jayseph Ryan Bellomy-Gunn, inmate number 475851, who is confined as an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § l983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on September 18, 2013, that granted leave to proceed *in forma pauperis* and assessed the civil filing fee. (ECF No. 3.)

The Clerk shall record the defendants as WTSP Warden Jerry Lester and Unit Manager William C. Bryant.

Plaintiff alleges that upon arrival at the WTSP he was placed in the behavioral modification unit due to his history of disciplinary offenses. (ECF No. 1 at 6.) In May 2013, TDOC revised its STG policy (TDOC Policy # 506.26) into the Security Management Unit ("SMU") policy. (ECF No. 1 at 8.) Plaintiff complains that during the first week of placement, he received two showers and

no recreation. (ECF No. 1 at 6.) Plaintiff alleges that the next week he received two days of recreation. (ECF No. 1 at 7.) Defendant Unit Manager William Bryant advised Plaintiff that he was receiving the proper number of showers and hours of recreation. (*Id.*) Because inmates who are assigned to the SMU must have recreation apart from other inmates, the recreation schedule now provides Plaintiff with two days of recreation one week and three days of recreation the next week. (ECF No. 1 at 8-9.) Plaintiff contends that he is entitled to one hour of recreation per day. (ECF No. 1 at 7.) Plaintiff complains that his grievances are not processed in a timely fashion at the WTSP. (ECF No. 1 at 10.) Plaintiff seeks an order from the Court that requires the supervisors to follow TDOC Policy # 506.26, that orders Plaintiff to receive one hour of recreation five days per week, and that orders Plaintiff's grievances to be properly processed. (ECF No. 1 at 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). " [P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also*

*Twombly*, 550 U.S. at 555 n.3, ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.').

"A complaint can be frivolous either factually or legally. *See Neitzke [v. Williams]*, 490 U.S. [319,] 325, 109 S. Ct. at 1827 [(1989)]. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted. *See id.* at 328-29, 109 S. Ct. 1827." *Hill*, 630 F.3d at 470.

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521, 92 S. Ct. at 596 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 3366 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice);

> *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet
> some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

---

[1]Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Warden Lester through his own actions violated Plaintiff's rights.

The role of Defendant Lester in investigating, processing, or denying Plaintiff's grievances cannot constitute sufficient personal involvement to state a claim of constitutional dimension. *Simpson v. Overton*, 79 Fed. App'x 117, 2003 WL 22435653 (6th Cir. 2003); *see also Martin v. Harvey*, 14 Fed. App'x 307, 2001 WL 669983, at *2 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Section 1983 liability may not be imposed against a defendant for "a mere failure to act" based upon information contained in the grievance. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996).

That Plaintiff was treated differently than other prisoners is insufficient to state a claim because prisoners are not a protected class for equal protection purposes. *See, e.g., Harbin-Bey v. Rutter*, 420 F.3d 571, 576 (6th Cir. 2005); *Berry v. Traughber*, 48 F. App'x 483, 485 (6th Cir. 2002); *Garrison v. Walters*, No. 00- 1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Heddleston v. Mack*, No. 00-1310, 2000 WL 1800576, at * 2 (6th Cir. Nov. 30, 2000) ("prisoners incarcerated at the same institution as Heddleston who wished to mail items weighing more than one pound on January 9, 1999, do not constitute a protected class"); *Aldred v. Marshcke*, No. 98-2169, 1999 WL 1336105, at *1 (6th Cir. Dec. 20, 1999); *Shehee v. Luttrell*, 199 F.3d at 301; *Preston v. Hughes*, No.

5

97-6507, 1999 WL 107970, at *1 (6th Cir. Feb. 10, 1999); *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998) ("neither indigents nor prisoners are a suspect class"); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 ( 6th Cir. 1997).

An inmate's right to due process arises only if a restriction implicates a constitutionally protected liberty interest. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In general, an inmate does not have a liberty interest in a particular security classification or in freedom from administrative segregation. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fa*no, 427 U.S. 215, 224- 25 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Thus, courts have rejected challenges to even the most restrictive security classifications. *Harbin-Bey v. Rutter*, 420 F.3d at 576-77 (designation as member of a STG and permanent restrictions imposed as a result of that designation not an atypical and significant hardship in relation to the ordinary incidents of prison life); *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004) ("Ford's designation as a 'Security Threat Group Member' is nothing more than a security classification used by the prison. Because Ford does not have a constitutional right to a particular security level or classification, he fails to state a claim."); *Ford v. Martin*, 49 F. App'x 584, 586 (6th Cir. 2002) (rejecting claim that defendants violated plaintiff's rights to due process and equal protection when they designated him an STG member without a hearing, explaining that , "[t]o the extent that Ford has argued that the defendants improperly changed his security classification, such reclassification does not constitute an atypical and significant hardship on him because a prisoner has no right to a particular security level"); *Cromer v. Braman*, No. 1:07- cv-009, 2009 WL 806919, at *3 (W.D. Mich. Mar. 25, 2009) (rejecting due process challenge to designation as an STG member).

The various restrictions alleged in the complaint do not rise to the level of significant and atypical restrictions. The Court of Appeals has held that confinement in segregation for eight years,

*Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012), and for five years, *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013), gives rise to a liberty interest. The complaint makes clear that Plaintiff had been confined in the SMU since March 15, 2013. It also does not appear that the restrictions about which Plaintiff complains are as serious as those in *Harris* and *Selby*.

Even if it were assumed that Plaintiff had been assigned to the SMU for an extended time, it does not necessarily follow that his continued confinement is illegal. Instead, the Court must address whether Plaintiff has received the process that is due him. For the reasons previously stated, the process that is due under the Constitution is not necessarily identical to that specified in TDOC policy statements. Instead, "prison officials must engage in some sort of periodic review while an inmate is confined in administrative segregation, and . . . the officials' decision to continue such confinement must be support by 'some evidence.'" *Selby*, 734 F.3d at 559 (citations omitted). Plaintiff's complaint does not allege that that standard was not followed. Instead, Plaintiff's complaint reveals a continuing pattern of misbehavior by Plaintiff.

The complaint also does not allege a valid claim under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U. S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005), or that he has been deprived of the "'minimal civilized measure of life's necessities,'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 ( 1981)); *see also Hadix v. Johnson*, 367 F.3d 513, 525 (6th

Cir. 2004). The Constitution "'does not mandate comfortable prisons.'" *Wilson*, 501 U.S. at 298 (quoting *Rhodes*, 452 U.S. at 349). "[R]outine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes*, 452 U.S. at 347). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

"It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983) (emphasis added). The Sixth Circuit has not "set a minimum amount of time a prisoner must have access to outdoor recreation." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Rodgers v. Jabe*, 43 F.3d 1082, 1086-87 (6th Cir. 1995); *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985); *Carruthers v. Mills*, No. 06-2259-B/P, 2007 WL 676718, at *4 (W.D. Tenn. Mar. 1, 2007); *Conyers v. Mich. Dep't of Corr.*, No. 5:06-CV-100, 2006 WL 2644990, at *6 (W.D. Mich. Sept. 14, 2006) (dismissing claim of inadequate exercise where "Plaintiff does not allege that he is denied sufficient opportunity for exercise in order to maintain reasonably good health."). Courts have held that the confinement of inmates to their cells for twenty-three (23) hours a day does not violate the Eighth Amendment. *Argue*, 80 F. App'x at 429; *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471 (4th Cir. 1999); *see also Coleman v. Bradley*, No. 1:07- cv-468, 2007 WL 2461699, at *3 (W.D. Mich. Aug. 27, 2007) (dismissing claim that inmate was confined to his cell from noon to midnight for 30 days); *Bagetta v. Carusos*, No. 1:07-CV-289, 2007 WL 1577830, at *4 (W.D. Mich. May 30, 2007) (dismissing claim that inmates are confined to their cells on weekdays, because "[t]he federal courts have held that similar and even longer periods of cell confinement do not violate the Eighth Amendment"). Courts have also rejected claims that inmates were not afforded outside recreation while on lockdown. *Govereh v. Pugh*, No. 4:12 CV 697, 2012 WL 3683541, at *1, *4 (N.D. Ohio Aug. 22, 2012); *Zain v. Osborne*, No. 4:10CV-P109-M, 2012 WL 435582, at *2, *9 (W.D. Ky. Feb.

9, 2012); *Cammon v. Bell*, No. 1:08-cv-479, 2008 WL 3980469 (S.D. Ohio Aug. 21, 2008) (84-day recreation restriction). Plaintiff's allegation that inmates in the SMU receive outdoor recreation two or three times of week does not satisfy the objective component of an Eighth Amendment claim. The complaint does not allege that the exercise restrictions have adversely affected Plaintiff's health.

An inability to earn sentence credit does not satisfy the objective component of an Eighth Amendment claim. *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *8 (6th Cir. Aug. 23, 2000); Jones v. Steinman, No. 97-2048, 1998 WL 791847, at *1 (6th Cir. Nov. 4, 1998); *Taylor v. Norris*, No. 87-5637, 1998 WL 7914 (6th Cir. Feb. 2, 1988); *see also Wollett v. Curtis*, No. 04-CV060113, at *7 (E.D. Mich. Feb. 27, 2006) (decision not to award prisoner sentence credit did not violate Eighth Amendment).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); Woods v. Lecureux, 110 F.3d 1215,1222 (6th Cir. 1997); *Street*, 102 F.3d at 814; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.* This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . .

9

But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of which they should have known but did not, then they did not violate the Fourteenth Amendment."). The subjective component must be evaluated for each defendant individually. *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011); *see also id.* at 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

The allegations of Plaintiff's complaint are insufficient to satisfy the subjective component of an Eighth Amendment violation. The allegations are insufficient to establish that Defendant Bryant or Defendant Lester actually perceived, and deliberately disregarded, a substantial risk to Plaintiff's health or safety.

There is no inherent constitutional right to an effective prison grievance procedure. *See Keenan v. Marker*, 23 Fed. App'x 405-07 (6th Cir. 2001*); LaFlame v. Montgomery County Sheriff's Department*, 3 Fed. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). Thus, a § 1983 claim cannot be premised on allegations that the grievance procedure was inadequate.

The Sixth Circuit recently held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 715 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 App'x 4, 5 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 511 App'x at 5; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal

clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The deficiencies in Plaintiff's complaint cannot be cured by amendment because the claims asserted are entirely lacking in merit.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Judgment shall be entered for Defendants. The motion for a temporary restraining order (ECF No. 4) is DENIED as MOOT.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. *Id.* at 445-46. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be

taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case. In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and 28 U.S.C. § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect on entry of judgment. *See Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013).

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE